21 F.3d 423
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Royce Ingram PERRY, II, Petitioner-Appellee,
v.
Edward W. MURRAY, Director of the Virginia Department of
Corrections, Respondent-Appellant.
 No. 93-6778.
 United States Court of Appeals, Fourth Circuit.
 Argued March 9, 1994.
Decided Apr. 5, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Henry C. Morgan, Jr., District Judge. (CA-92-1229-2)
 Robert Quentin Harris, Asst. Atty. Gen., Office of the Attorney General, Richmond, Va., for appellant.
 Alan D. Sege, Student Counsel, Appellate Litigation Clinical Program, Georgetown University Law Center, Washington, D.C., for appellee.
 On Brief Stephen D. Rosenthal, Attorney General of Virginia, Office of the Attorney General, Richmond, Va., for appellant.
 Steven H. Goldblatt, Jason E. Bloch, Student Counsel, Appellate Litigation Clinical Program, Georgetown University Law Center, Washington, D.C., for appellee.
 E.D.Va.
 AFFIRMED.
 Before WILKINSON, HAMILTON, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Edward W. Murray (Murray), Director of the Virginia Department of Corrections (Department), appeals the judgment of the United States District Court for the Eastern District of Virginia granting a writ of habeas corpus. 28 U.S.C. Sec. 2254. For the reasons stated herein, we affirm.
 
 
 2
 On February 3, 1987, the Circuit Court of Virginia Beach found Royce Ingram Perry (Perry) guilty of two counts of grand larceny, Va.Code Ann. Sec. 18.2-95; four counts of petit larceny (3d offense), Va.Code Ann. Sec. 19.2-297; defrauding an innkeeper, Va.Code Ann. Sec. 18.2-188; petit larceny, Va.Code Ann. Sec. 18.2-96; trespass, Va.Code Ann. Sec. 18.2-121; and two counts of assuming a false name, Va.Code Ann. Sec. 18.2-504.1. Perry received sentences of three years on each of the two counts of grand larceny, two years on each of the four counts of petit larceny, two years for defrauding an innkeeper, and twelve months for each of the offenses of petit larceny and trespass. The court suspended ten years of the sixteen year sentence, conditioned upon Perry's good behavior for a ten year period, and directed that the remaining six years (three years on each of the two counts of grand larceny) run concurrently with a previous three year penitentiary sentence imposed by the Circuit Court of Portsmouth Virginia, on March 26, 1985.
 
 
 3
 On September 14, 1987, Perry was released on discretionary parole, and on March 14, 1988, he was discharged from parole. The Department admits that an error was made in calculating Perry's release date.[1] On October 3, 1988, the Department discovered the error. Pursuant to the provisions of Virginia CodeSec. 53.1-28, as amended, the Department requested the Circuit Court of Halifax County, the county in which Perry was confined at the time of his release, to issue a warrant for Perry in order to determine whether he should be recommitted to custody to serve the additional three year sentence. On November 16, 1988, Perry appeared before Judge McCormick of the Circuit Court of Halifax County. At that time, Perry was facing trial on new criminal charges in the City of Virginia Beach and was facing revocation of the suspended ten year portion of his sentence imposed in February 1987.
 
 
 4
 After a hearing on November 16, 1988, Judge McCormick elected not to return Perry to custody to serve the additional three year sentence. Instead, he dismissed the warrant. The Department did not appeal the decision.
 
 
 5
 On December 22, 1988, Perry appeared before the Circuit Court of Virginia Beach for the new criminal matters. Perry pleaded guilty to petit larceny and assault. He was sentenced to five years in the penitentiary for the petit larceny and twelve months in the Virginia Beach Correctional Center on the charge of assault, the sentences to run consecutively. Moreover, the suspended sentence and probation imposed on February 3, 1987, were revoked, and the full ten year period of confinement originally ordered was imposed.
 
 
 6
 Upon Perry's arrival at the penitentiary, however, the Department added to Perry's sentence the additional term of three years, which represented one of the three year grand larceny sentences erroneously excluded from Perry's release date calculation in the summer of 1987.
 
 
 7
 The Department cited no statutory authority to support that addition, and, in fact, none exists.
 
 
 8
 Perry filed a pro se state habeas action in the Virginia Supreme Court challenging the validity of the recalculation of his sentence and the parole eligibility dates. The Virginia Supreme Court dismissed the petition.
 
 
 9
 Perry then sought federal habeas relief, again contesting the recalculation of his sentence. The district court referred the matter to a magistrate judge who recommended granting the writ to require the Department to delete three years from the period of time used in calculating Perry's parole eligibility date.[2]
 
 
 10
 Murray filed objections to the magistrate judge's report in the district court. Agreeing with the magistrate judge's Report and Recommendation, the district court entered an order granting the relief recommended by the magistrate judge. Murray then filed this appeal.
 
 
 11
 After carefully reviewing the decision of the district court, considering the briefs submitted by the parties and the record, and hearing oral argument, we believe that the appeal is without merit. Accordingly, we affirm on the reasoning of the district court. Royce Ingram Perry, II v. Edward W. Murray, CA No. 92-1229-2 (E.D. Va. July 1, 1993).
 
 AFFIRMED
 
 
 [1]
 The miscalculation stemmed from the fact that each of the two grand larceny sentences of three years was allowed to run concurrently with the three year Portsmouth sentence. Originally, Perry's sentence was two three year consecutive sentences served concurrently with the three year Portsmouth sentence, for a total of six years
 
 
 [2]
 Perry's habeas petition also claimed that the sentencing orders committing him to custody for the new criminal conduct in which he engaged in 1988 were ambiguous so that his current sentences should be allowed to run concurrently rather than consecutively. This portion of the writ was denied